```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF TEXAS
                     FORT WORTH DIVISION
```

JULIE LORRAINE BRADLEY,          §
                                 §
VS.                              §   CIVIL ACTION NO.4:10-CV-681-Y
                                 §
RICK THALER,                     §
Director, T.D.C.J.               §
Correctional Institutions Div.   §

<u>ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND CONCLUSIONS
    AND ORDER DENYING CERTIFICATE OF APPEALABILITY</u>

In this action brought by petitioner Julie Lorraine Bradley under 28 U.S.C. § 2254, the Court has made an independent review of the following matters in the above-styled and numbered cause:

1. The pleadings and record;

2. The proposed findings, conclusions, and recommendation of the United States magistrate judge filed on December 7, 2011; and

3. The petitioner's written objections to the proposed findings, conclusions, and recommendation of the United States magistrate judge filed on December 13, 2011.

The Court, after **de novo** review, concludes that Petitioner's objections must be overruled, and that the petition for writ of habeas corpus should be denied for the reasons stated in the magistrate judge's findings and conclusions, and for the reasons stated in the Respondent's answer at sections II(A) through (E).

Petitioner Bradley continues to argue in her objections that she is entitled to an evidentiary hearing. But the recent Supreme Court case *Cullen v. Pinholster*[1] made clear that federal habeas review under the deferential 28 U.S.C. § 2254(d)(1) standard applicable to claims adjudicated on the merits in state-court

---

[1] 131 S. Ct. 1388 (2011).

proceedings is limited to the record before the state court.[2] The Court explained:

> We now hold that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. Section 2254(d)(1) refers, in the past tense, to a state-court adjudication that "resulted in" a decision that was contrary to, or "involved" an unreasonable application of the state-court decision at the time it was made. It follows that the record under review is limited to the record in existence at that same time *i.e.*, the record before the state court.[3]

This is true even where there has been a summary denial in the state court.[4] As all of Petitioner's claims were adjudicated on the merits in state court, review under § 2254(d)(1) is limited to the record before the state court. Bradley is not entitled to an evidentiary hearing.

Therefore, the findings, conclusions, and recommendation of the magistrate judge are ADOPTED.

Petitioner Julie Lorraine Bradley's petition for writ of habeas corpus is DENIED.

*Certificate of Appealability*

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253.[5] Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order

---

[2] *Cullen,* 131 S.Ct. at 1398-1400.

[3] *Id* at 1398.

[4] *Id* at 1402.

[5] *See* Fed. R. App. P. 22(b).

adverse to the applicant."[6] The COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."[7] A petitioner satisfies this standard by showing "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further."[8]

Upon review and consideration of the record in the above-referenced case as to whether petitioner Bradley has made a showing that reasonable jurists would question this Court's rulings, the Court determines he has not and that a certificate of appealability should not issue for the reasons stated in the December 7, 2011 Findings, Conclusions, and Recommendation of the United States Magistrate Judge, and for the reasons stated in this order.[9]

Therefore, a certificate of appealability should not issue.

SIGNED June 20, 2012.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[6] RULES GOVERNING SECTION 2254 PROCEEDINGS IN THE UNITED STATES DISTRICT COURTS, RULE 11(a) (December 1, 2009).

[7] 28 U.S.C.A. § 2253(c)(2)(West 2006).

[8] *Miller-El v. Cockrell,* 537 U.S. 322, 326 (2003), *citing Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

[9] *See* Fed. R. App. P. 22(b); *see also* 28 U.S.C.A. § 2253(c)(2)(West 2006).

3